IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–30–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JASON CHARLES ALLEN, | |
| Defendant. | |

On November 25, 2025, Defendant Jason Charles Allen filed a Motion to reduce his 108-month federal distribution of methamphetamine sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 61.) On December 3, 2025, counsel was appointed to represent Mr. Allen. (Doc. 64.) Appointed counsel filed an Amended Motion on March 2, 2026. (Doc. 68.) The government opposes the Motion for Compassionate Release. (Doc. 70.) Mr. Allen's projected release date is February 5, 2029. *See* Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmateloc (last accessed April 9, 2026).

### ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set

1

forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2).[1]

Mr. Allen argues that a reduction in his sentence is warranted because extraordinary and compelling reasons warrant immediate release, particularly the need to provide caregiving support to his minor child. (Doc. 68 at 7.) For the reasons discussed below, the Court denies the Motion.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Mr. Allen submitted a request for compassionate release to the warden on October 6, 2023, (Doc. 61 at 3–4); Mr. Allen waited until at least 30 days had lapsed with no response from the warden before filing his pro se Motion for Compassionate Release on November 25, 2026. Thus, it would appear that Mr. Allen has exhausted his administrative remedies.

## II.   Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G § 1B1.13(b)(3)(A). The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Here, at the time of sentencing, Mr. Allen had been in a common-law marriage with Kari Stidmon for 15 years, and the two shared a minor child, S.A. (Doc. 60 ¶ 88.) When Mr. Allen was sentenced to the Bureau of Prisons, Ms. Stidmon became the sole caregiver for S.A. (*Id.* ¶¶ 88–90.) On July 23, 2025, Ms.

3

Stidmon passed away from natural causes. (Doc. 68 at 7.) Since Ms. Stidmon's passing, S.A. has resided with a family friend, Shanna Loggins. (*Id.*) S.A.'s only living relative is his grandfather, who lives in Kalispell and has only visited S.A. twice since Ms. Stidmon's passing. (*Id.*) Ms. Loggins reports that she is unable to become S.A.'s legal guardian since Mr. Allen is alive but incarcerated. (*Id.*) Ms. Loggins is also struggling to financially support S.A. (*Id.*)

S.A. reports that he has struggled significantly in the time since his mother passed away. (*Id.* at 8.) He stopped leaving the house and attending school in person. (*Id.*) S.A. reports that he is presently enrolled in school online, but if his father were to be released, he would re-enroll in person because he will have the assistance of a parent to help with coursework, deadlines, and scheduling. (*Id.*) S.A. further reports that since he has no legal guardian, he cannot receive medical care. (*Id.*) Mr. Allen argues that S.A. needs a legal guardian or parent to care for him, provide for him financially, and to oversee his medical and emotional needs. (*Id.*)

The Government concedes that Mr. Allen has demonstrated extraordinary and compelling circumstances (Doc. 70 at 6, 8), and the Court agrees. However, because the § 3553(a) factors do not warrant a modification of Mr. Allen's sentence, the Motion must be denied.

### III.   Section 3553(a) Factors

The Court must also address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

The offense conduct in this case was serious. Although Mr. Allen faced a mandatory minimum sentence of 5 years incarceration, his advisory guideline range was 135 to 168 months due to the significant amount of methamphetamine and seven firearms involved in the offense. (Doc. 59.) Drug trafficking, particularly while armed, results in a significant danger to the community, and there is no indication that Mr. Allen no longer poses such a threat. Mr. Allen was dealing significant quantities of methamphetamine on the same property wherein he and Ms. Stidmon cared for S.A. Mr. Allen also has a lengthy substance abuse history, and it appears that he has still not received treatment related to his use.

(*See* Doc. 69-4.) The unfortunate passing of S.A.'s caregiver does not erase the seriousness of the offense conduct at issue, the danger to the community, or the need for general and specific deterrence. Therefore, the Court finds that it must deny Mr. Allen's Motion for Compassionate Release.

## CONCLUSION

Accordingly, IT IS ORDERED that the Defendant's Motion for Compassionate Release (Docs. 61, 68) is DENIED.

DATED this 15th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court

6